IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| GREGORY P. BARTUNEK, | ) | 8:18CV336 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Gregory P. Bartunek, a pretrial detainee at the Hall County Jail in Grand Island, Nebraska, filed his Complaint (Filing 1) on July 16, 2018. Plaintiff was granted leave to proceed in forma pauperis on August 1, 2018 (Filing 9), but paid the $350.00 filing fee on August 10, 2018.[1] The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action seeking to recover damages from 29 named Defendants. Six numbered claims are alleged, which may be summarized as follows:

1. Plaintiff alleges in "Claim I" of the Complaint (Filing 1, pp. 21-25) that police searched his residence and seized computer equipment and other property on May 23, 2016, pursuant to a no-knock search warrant that was issued based on unreliable information. Plaintiff alleges that police caused property damage in conducting the search and further complains that he was interrogated by police in his home following the search. Five named Defendants are alleged to have

---

[1] Plaintiff's Motion for Correction (Filing 9), regarding to the amount of the initial partial filing fee in the IFP order, will be denied without prejudice, as moot.

been involved: (1) David Pecha, an Omaha police officer; (2) Sherly Lohaus, a Judge of the Douglas County Court; (3) Michelle Peters, an Omaha Deputy City Attorney; (4) Sarah Lund, a member of the Omaha Police Forensics Investigation Section; and (5) Brandon Stigge, a Papillion police officer.

2. Plaintiff asserts three distinct claims in "Claim II" of the Complaint (Filing 1, pp. 26-31):

First, Plaintiff alleges he tried unsuccessfully for several months to have the seized property returned to him, and on December 30, 2016, filed a civil lawsuit seeking damages and the return of his property.[2] Two named Defendants are alleged to have some involvement in this claim: (1) Officer Pecha and (2) Deputy City Attorney Peters.

Second, Plaintiff alleges he was indicted by a federal grand jury for possession and distribution of child pornography based on false testimony.[3] Plaintiff also alleges his constitutional rights were violated by the filing of charges in federal court rather than state court. Two named defendants are alleged to have some involvement in this claim: (1) Officer Pecha and (2) Mike Norris, an Assistant United States Attorney. Plaintiff states he was arrested by U. S. Marshals on February 16, 2017, and incarcerated in the Douglas County Department of Corrections ("DCDC").

Third, Plaintiff complains he was denied release on bail by United States District Judge Robert Rossiter, Jr. (a named Defendant).

---

[2] *See Bartunek v. Omaha Police Dept., et al.*, No. 8:16-cv-00568-JFB-FG3. On May 4, 2017, Judge Bataillon granted the defendant's motion to dismiss on all claims, and entered judgment in favor of the defendants and against the plaintiff.

[3] *See United States v. Bartunek*, No. 8:17-cr-00028-RFR-SMB. The indictment was filed on January 19, 2017. The case remains pending.

3. Plaintiff alleges in "Claim III" of the Complaint (Filing 1, pp. 32-39) that his constitutional rights have been violated by several named Defendants, whose actions have caused him to be detained for an extended period of time:

   First, Plaintiff alleges a pretrial services report that was prepared by Julie Gust, a U.S. Probation and Pretrial Services Officer, contained incomplete and inaccurate information.

   Second, Plaintiff alleges that although Magistrate Judge Susan Bazis (who is not named as a Defendant) denied the government's motion for detention and ordered Plaintiff's release on February 23, 2017, his release was delayed when the court was informed that an electronic monitoring device would not be available for 5 days; that in the interim, AUSA Norris then filed a motion for review of the order setting conditions of release; and that on February 28, 2017, Judge Rossiter revoked Judge Bazis' order despite no new evidence having been presented by AUSA Norris.

   Third, Plaintiff alleges he filed a motion to reopen the detention hearing on October 18, 2017, based on significant new evidence, but Judge Rossiter denied the motion on November 8, 2017, without a hearing.

4. Plaintiff alleges in "Claim IV" of the Complaint (Filing 1, pp. 40-53) that the government has been dilatory in producing discovery materials, and that his continued detention has hindered his ability to conduct discovery and otherwise prepare for trial. Plaintiff further claims he has been denied his right to a speedy trial by AUSA Norris and Judge Rossiter.

5. In "Claim V" of the Complaint (Filing 1, pp. 51-62) Plaintiff alleges his rights have been violated in the following respects:

First, Plaintiff claims his court-appointed attorney, Michael Maloney, an Assistant Public Defender, under the supervision of Federal Public Defender David Stickman, did not provide adequate representation in connection with Plaintiff's detention hearing and trial preparation. Both are named Defendants. Plaintiff alleges Mr. Maloney failed to appeal the detention order, failed to communicate with him, and sought extensions of time contrary to Plaintiff's wishes.[4]

Second, Plaintiff alleges DCCC did not allow him sufficient access to the law library between April 2017 and January 2018. In addition, Plaintiff claims that after he complained about not being permitted to print a document for filing with the court, he was placed in lock-down by Officer Vincent Sheridan and Sergeant Chaimberlain, both of whom are named Defendants.

Third, Plaintiff complains that in May 2017 Judge Rossiter refused to order standby counsel to provide legal assistance and denied Plaintiff's request for an extension of time, or, alternatively, for a release, in order to prepare for trial.

6. In "Claim VI" of the Complaint (Filing 1-1, pp. 2-14), Plaintiff alleges DCDC staff deprived him of his constitutional rights on three separate occasions:

First, Plaintiff expands upon his claim regarding disciplinary action that was taken in January 2018 following the "printing" incident. In addition to Officer Sheridan and Sergeant Chaimberlain, Plaintiff alleges mistreatment by the law librarian, Ms. Cooks, and the library director, Mr. Harper, both of whom are named Defendants.

---

[4] On Plaintiff's motion, the Federal Public Defender's Officer was re-appointed as standby counsel on April 4, 2017. Plaintiff subsequently decided not to represent himself, and a CJRA-panel attorney was appointed as his counsel on March 20, 2018.

Second, Plaintiff alleges he was told by Ms. Cooks on two separate occasions in February 2018 that he would not be allowed to return to the law library if he left before his allotted time had expired.

Third, and finally, Plaintiff alleges he was not protected from harassment and retaliation after he reported an inmate's disrespectful treatment of others in March 2018, and was placed in lock-down after being attacked. Officer Sheridan is the only named Defendants mentioned in connection with this claim.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* [28 U.S.C. §§ 1915(e)](https://...) and [1915A](https://...). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](https://...).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007)](https://...); *see also* [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)](https://...) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" [*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)](https://...) (quoting [*Hopkins v.*

*Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

While a plaintiff may join in one action as many claims as he has against a single defendant, *see* Fed. R. Civ. P. 18(a), "in actions where more than one defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18." *Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). Rule 20 provides in part: "Persons ... may be joined in one action as defendants if ... any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence[5] and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed.). That situation does not exist in this case.

Plaintiff's Complaint involves claims that arise out of several separate incidents occurring over a period of almost 2 years, and that involve different parties and

---

[5] All "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974); *see* 7 Charles A. Wright et al., *Federal Practice and Procedure,* § 1653, at 415 (3d ed.) (explaining that the transaction/occurrence requirement prescribed by Rule 20(a) is not a rigid test and is meant to be "read as broadly as possible whenever doing so is likely to promote judicial economy.").

unrelated factual and legal issues. While certain of these events may be logically related, and the claims made by Plaintiff with respect thereto may involve common questions of law or fact with respect to certain Defendants, the Complaint as a whole fails to satisfy the requirements of Rule 20(a)(2).

"Although pro se litigants are held to less stringent standards than represented parties, they must still comply with the procedural or substantive rules of the court. Requiring pro se prisoners to adhere to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s], avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule." *Evans v. Deacon*, No. 3:11-CV-00272-ST, 2016 WL 591758, at *7 (D. Or. Feb. 12, 2016) (quoting *George v. Smith*, 507 F3d 605, 607 (9th Cir 2007)) (citations omitted).[6] Unrelated claims involving different defendants belong in different suits. *George*, 507 F.3d at 607 (holding that state prisoner's § 1983 action asserting 50 claims against 24 defendants should have been brought as separate actions, since defendants did not participate in the same transaction or series of transactions, and question of fact was not common to all defendants).

"Misjoinder of parties is not a ground for dismissing an action," but the court on its own may "drop a party" or "sever any claim against a party" in order to

---

[6] Under provisions of the Prison Litigation Reform Act ("PLRA"), a prisoner may not commence a civil action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F. 3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F. 3d 596, 603 (6th Cir. 1998).

eliminate the misjoinder. Fed. R. Civ. P. 21. Rather than dropping parties or severing claims on its own at this time, the court will give Plaintiff an opportunity to file an Amended Complaint that complies with Rule 20(a)(2). Plaintiff is warned that upon screening the Amended Complaint, the court will consider whether unrelated claims should be severed. If Plaintiff's Amended Complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions and he will be required to pay a separate filing fee for each separate action**.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Correction (Filing 9) is denied without prejudice.

2. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an Amended Complaint. **Failure to file an Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff**.

3. The clerk of the court is directed to set the following pro se case management deadline in this case: September 28, 2018: check for amended complaint.

DATED this 29th day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge