IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY P. BARTUNEK, | ) | 8:18CV336 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Gregory P. Bartunek, a pretrial detainee at the Hall County Jail in Grand Island, Nebraska, filed his Complaint (Filing 1) on July 16, 2018. The court determined upon initial review that the 29 Defendants named in the Complaint could not be joined in a single action under Federal Rule of Civil Procedure 20(a)(2), and directed Plaintiff to amend his pleading to cure this defect. On September 24, 2018, Defendant filed an Amended Complaint (Filing 12). The court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint names only three Defendants: (1) the United States of America; (2) Douglas County, Nebraska; and (3) Michael Norris, Assistant United States Attorney, who is sued both individually and in his official capacity. But although the number of Defendants has been significantly reduced, the allegations of the Amended Complaint (Filing 12, pp. 23-62; Filing 12-1, pp. 2-17) are identical to the allegations of the original Complaint (Filing 1, pp. 21-62; Filing 1-1, pp. 2-17). Apart from the elimination of twenty-six Defendants, the only substantive change is that Plaintiff has added a "Discussion of Claims" section to the Amended Complaint (Filing 12-1, pp. 19-23) and has omitted five exhibits that were appended to the original Complaint (Filing 1-1, pp. 23-64).

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff seeks to recover damages from Defendants for allegedly violating his constitutional rights between May 23, 2016, when his residence was searched and computer equipment was seized by Omaha police, and March 2018, at which time

Plaintiff was in the custody of the Douglas County Department of Corrections Center awaiting trial on federal criminal charges. Six numbered claims are alleged in the Amended Complaint,[1] which is brought pursuant to 42 U.S.C. § 1983.[2]

*A. Claims Against the United States*

It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). No such waiver of sovereign immunity applies in this case. Although the United States has consented to suit under the Federal Tort Claims Act ("FTCA"), the FTCA does not apply to this case, and the waiver of sovereign immunity under that act does not help Plaintiff because the FTCA does not reach federal constitutional torts. *Id.* at 475, 477. Consequently, any claims alleged against the United States must be dismissed for lack of jurisdiction.

*B. Claims Against AUSA Norris*

A suit against an official of the federal government in his official capacity is considered a suit against the United States. *Searcy v. Donelson*, 204 F.3d 797, 798

---

[1] Many of these claims involve separate transactions or occurrences, and should be subdivided as a matter of pleading practice. *See* Fed. R. Civ. P. 10(b) ("[E]ach claim founded on a separate transaction or occurrence ... must be stated in a separate count ....").

[2] "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

(8th Cir. 2000). Thus, any claims alleged against AUSA Norris in his official capacity must also be dismissed for lack of jurisdiction.

Section 1983 does not apply to persons acting under color of federal law, but a federal official may be held personally liable for inflicting constitutional injuries. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-97 (1971). An action under *Bivens* is almost identical to an action under section 1983. *Mendoza v. United States Immigration & Customs Enf't*, 849 F.3d 408, 416 n. 3 (8th Cir. 2017).

The Supreme Court has long recognized, however, that "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31(1976)). This immunity extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom" but not to "administrative duties and those investigatory functions that do not relate to ... the initiation of a prosecution or for judicial proceedings." *Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993)).

It is alleged that AUSA Norris violated Plaintiff's constitutional rights by filing criminal charges in federal court instead of state court (Claim II, Filing 12 at pp. 31-33); by filing a motion for Plaintiff's detention and, after the magistrate judge entered an order for Plaintiff's release, by filing a motion for review of the order, which was overturned by the district judge (Claim III, Filing 12, pp. 37-40); and by deliberately failing to comply with Plaintiff's discovery requests, thereby delaying Plaintiff's trial and continuing his incarceration (Claim IV, Filing 12, pp. 43-53). Even assuming that these alleged actions by AUSA Norris could be constitutional violations, it is readily apparent that they are "intimately associated with the judicial phase of the criminal process." Thus, prosecutorial immunity applies, and all claims alleged against AUSA Norris in his individual capacity must be dismissed.

*C. Claims Against Douglas County*

In Claims I, V, and VI, Plaintiff alleges that his constitutional rights were violated by various Douglas County officials.[3] A county may only be liable under section 1983 if a "policy" or "custom" of the county caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

---

[3] In Claim I, Plaintiff alleges that Mark Dishaw, a Douglas County Deputy Sheriff, identified Plaintiff as the owner of an IP address that allegedly was used to download child pornography. However, it is not clear whether Plaintiff contends this action violated his constitutional rights; Dishaw was not named as a Defendant in the original Complaint. Plaintiff does complain that a search warrant was issued without probable cause by Sherly Lohaus, a judge of the Douglas County Court, but she is a state official. *See York v. Dunning*, No. 8:16-CV-175, 2016 WL 3983261, at *3 (D. Neb. July 25, 2016) (county court judges are not agents of the county; they are state employees); Neb. Rev. Stat. §§ 24-501 *et seq.* In Claims V and VI, Plaintiff complains of actions taken by several Douglas County Department of Corrections employees.

*Jane Doe*, 901 F.2d at 646.

Plaintiff's allegations fail to show that any actions were taken pursuant to a policy or custom of Douglas County. On its own motion, the court will grant Plaintiff leave to file a Second Amended Complaint to correct this deficiency. The Second Amended Complaint will supersede, rather than supplement, previous pleadings, and it should not contain any allegations that do not relate directly to Plaintiff's claims against Douglas County.

## IV. CONCLUSION

The court does not have jurisdiction over claims made against the United States and AUSA Norris in his official capacity, and Mr. Norris has prosecutorial immunity with respect to all claims alleged against him in his individual capacity. Because no facts are alleged to show that a policy or custom of Douglas County caused Plaintiff's constitutional rights to be violated, the Amended Complaint fails to state a claim upon which relief may be granted against the county. Claims alleged against all other Defendants named in Plaintiff's original Complaint have been voluntarily dismissed.

IT IS THEREFORE ORDERED:

1. All claims alleged against the United States of America and Michael Norris, both in his official and individual capacities, are dismissed, and such Defendants shall no longer be parties to this action.

2. Plaintiff shall have 30 days from the date of this Memorandum and Order to file a Second Amended Complaint in order to state a claim upon which relief may be granted against Douglas County, Nebraska, the sole remaining Defendant. **Failure to file a Second Amended Complaint within 30 days will result in the court dismissing the case without further notice to Plaintiff**.

3. The clerk of the court is directed to set the following pro se case management deadline in this case: November 26, 2018: check for second amended complaint.

DATED this 23rd day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge